IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUTIERREZ, BGY136, ) | |
|     Plaintiff(s), ) | No. C 13-4647 CRB (PR) |
| vs. ) | ORDER OF DISMISSAL |
| ALAMEDA COUNTY, ) | |
|     Defendant(s). ) | |

Plaintiff, a prisoner at the Alameda County Jail, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that, while jail officials were transporting him and other prisoners to court, the bus carrying him and other prisoners crashed into a car and plaintiff hit his head and hurt his neck.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
2   elements: (1) that a right secured by the Constitution or laws of the United States
3   was violated, and (2) that the alleged violation was committed by a person acting
4   under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986). Only conduct intended to injure in some way unjustifiable by any government interest is the sort of official action likely to rise to the conscience-shocking level required to support a substantive due process claim under § 1983. See Lewis, 523 U.S. at 849. Plaintiff's allegations at most state a claim for negligence insufficient to state a claim under § 1983. See id.; see also Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994) (neither negligence nor gross negligence is actionable under § 1983 in prison context).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  Dec 11, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Gutierrez, J.13-4647.dismissal.wpd

2